**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

SABRINA HERRERA

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

    Defendant.

**NOTICE OF REMOVAL**

**TO: HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, pursuant to 28 U.S.C. §§ 1441, *et. seq.,* and 1446(a), files this Notice of Removal to remove this action from the District Court, Denver County, Colorado, to the United States District Court for the District of Colorado and, as grounds, states as follows:

## I. INTRODUCTION

1. Plaintiff filed her Complaint in Denver County District Court on August 22, 2019. (**Exhibit 1**, Complaint). Allstate was served with the Complaint on August 19, 2019. (**Exhibit 5**, Return of Service).

2. A Notice of Removal shall be filed within thirty (30) days of service of the Complaint. *See* 28 U.S.C. § 1446(b). This Notice of Removal, having been filed on September 18, 2019, is timely.

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), because this is a civil action between citizens of different states and the matter in controversy allegedly exceeds the sum of $75,000, exclusive of interest and costs.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the Denver County District Court, Colorado are provided with this Notice of Removal. (*See* **Exhibit 1**, Complaint; **Exhibit 2**, Summons; **Exhibit 3**, Civil Case Cover Sheet; **Exhibit 4**, Delay Reduction Order; **Exhibit 5**, Return of Service, **Exhibit 6** Motion for Extension of Time to File Answer, **Exhibit 7** Order Re: Unopposed Motion for Extension of Time to File Answer).

5. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district embraces the place in which the removed action is pending.

6. Written notice of the filing of this Notice of Removal was promptly served on Plaintiff's counsel, and a copy was filed with the District Court Clerk for Denver County, Colorado pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of this Notice of Removal to Federal Court was filed with the clerk contemporaneously with this Notice of Removal.

## II. DIVERSITY OF CITIZENSHIP EXISTS

7. Plaintiff is a citizen of Colorado. (**Exhibit 1**, Complaint at ¶ 1; **Exhibit 8**, proof of Plaintiff's residence in Colorado).

8. Defendant is incorporated in, and has its principal place of business in, Illinois. (**Exhibit 9**, Colorado Secretary of State Summary). Therefore, Defendant is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

9. Complete diversity exists among the parties to this action.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. A federal court has subject matter jurisdiction when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008); 28 U.S.C. § 1332(a).

11. At the time of the February 16, 2016 accident, Plaintiff was insured by Allstate for underinsured motorist (UIM) benefits with limits of $25,000. Allstate previously gave permission for Plaintiff to settle with the tortfeasor's insurance company, Progressive, for its policy limits of $25,000.

12. In her Complaint, Plaintiff alleges that as a direct and proximate result of the February 16, 2016 accident, Plaintiff has incurred past medical expenses in excess of $15,000. (**Exhibit 1**, Complaint at ¶ 17-19). Plaintiff alleges she is entitled to all UIM benefits under her insurance contract. Plaintiff seeks payment of UM/UIM benefits, treble damages for common law bad faith, double damages for statutory bad faith, pre-judgment and post-judgment interest, attorney fees, and costs of litigation, including expert witness fees. (**Exhibit 1**, Complaint).

13. Based on the damages sought, Allstate has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000.

14. Accordingly, Allstate has also proved by a preponderance of the evidence that removal is permissible under 28 U.S.C. § 1446 and that this Court has subject matter jurisdiction over this matter.

**WHEREFORE**, Defendant Allstate Fire and Casualty Insurance Company removes the State Court action pending as case number 2019CV33211 in the District Court, Denver County, Colorado to the United States District Court for the District of Colorado.

**DATED** this 18th day of September, 2019.

Respectfully submitted,

/s/ Billy-George Hertzke
**Billy-George Hertzke**
Senter Goldfarb & Rice, LLC
3900 E. Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: 303-320-0509
Fax: 303-320-0210
Email: bhertzke@sgrllc.com

/s/ Caroline M. Rixey
**Caroline M. Rixey**
Senter Goldfarb & Rice, LLC
3900 E. Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: 303-320-0509
Fax: 303-320-0210
Email: crixey@sgrllc.com
*Attorneys for Defendant*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of September, 2019, I electronically filed a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and further, that I electronically served a true and correct copy of said document on the following via email:

James J. Peters
Law Office of James J. Peters
1610 Gaylord Street
Denver, CO 80206
lojjp@aol.com
*Counsel for Plaintiff*

      /s/ Carol J. Kelly
      Legal Secretary